# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION

_____

RODNEY A. EDMUNDSON,

              Plaintiff,                    Cause No. CV-07-34-GF-SEH-RKS

vs.

UNIT MANAGER R. STURCHIO,        **FINDINGS AND RECOMMENDATIONS**
CORRECTIONAL CAPTAIN            **OF MAGISTRATE JUDGE**
SULLIVAN, and MEDICAL STAFF
EMPLOYEE DARCY LARSON,

              Defendants.


_____

      Plaintiff, Mr. Rodney A. Edmundson, is a pro se prisoner proceeding in forma pauperis with this action under 42 U.S.C. § 1983.  (C.D. 8.)  Plaintiff alleges prison employees racially discriminated against him and retaliated against him.  (C.D. 1.)  Currently pending is Defendants Sturchio, Sullivan, and Larson's Motion for Summary Judgment. (C.D. 36.)  The motion is fully briefed and ripe for decision.

## JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  The case was referred to the undersigned by order of the Hon. Sam E. Haddon.  (C.D. 24.) Venue is proper.  28 U.S.C. § 1391.

## DISCUSSION

**A.  Summary Judgment Standard**

Under Rule 56(c), Fed.R.Civ.P., summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law."  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250.

The moving party bears the initial burden of showing the absence of any genuine issues of material fact.  Celotex v. Catrett, 477 U.S. 317 (1986).  If the moving party meets this burden, the non-moving party may not rest upon its pleadings, but must come forward with specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine

issue for trial as to the elements essential to the non-moving party's case. Fed.R.Civ.P. 56(e); <u>Celotex</u>, 477 U.S. at 324; <u>Anderson</u>, 477 U.S. at 256.  The mere existence of some factual dispute will not defeat a properly supported motion for summary judgement; the requirement is that there be no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 248.

### B.      Injunctive and Declaratory Relief

Defendants argue that because Mr. Edmundson is no longer housed at Crossroads Correctional Center ("CCC"), his declaratory and injunctive relief claims should be dismissed as moot.  (C.D. 37 at 4-6).  Mr. Edmundson argues, essentially, that his injury still exists.  (C.D. 41 at 3-4).

Because Mr. Edmundson is no longer at CCC, his claims for injunctive and declaratory relief are moot.  <u>See</u> <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001); <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402 (1975); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 109 (1983).  Accordingly, Defendants' Motion for Summary Judgment regarding these claims should be granted.

### C.      Retaliation Claim against Defendant Larson

Defendant Larson argues she did not fail to provide treatment to Mr. Edmundson on October 9, 2006, and medical records show she provided care. (C.D. 37 at 6-9).  Mr. Edmundson argues Larson sent him back to housing and

refused to provide care after he filed a grievance against her for an incident 4 days

prior.  (C.D. 41 at 4-5).

A First Amendment retaliation claim has five elements: 1) a state actor took

some adverse action against an inmate, 2) because of, 3) the inmate's protected

conduct, and that adverse action 4) chilled the inmate's exercise of his First

Amendment rights, and 5) the adverse action did not reasonably advance a

legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir.

2005).

Here, the undisputed facts show Larson treated Mr. Edmundson, and thus

there was no adverse action against Mr. Edmundson.  Larson saw Mr. Edmundson

in the medical unit on October 9, 2006, examined him, and advised him to

continue his medications as ordered.   Def.'s SUF ¶¶ 12-13, Affidavit of Larson ¶¶

6-7.  Mr. Edmundson offers nothing but further allegations and non-existent

"admissions" of Larson in opposition to Larson's motion.  He does acknowledge,

however, that he was seen by Larson and sent back to housing.  See Affidavit of

Edmundson ¶ 10.  Most significantly, the medical records that show Larson treated

Mr. Edmundson were submitted by Mr. Edmundson.  See C.D. 7.   Mr.

Edmundson was treated by Larson, as shown by the undisputed facts.  Therefore,

Larson's Motion for Summary Judgement should be granted.

FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE - PAGE 4

**D.     Racial Discrimination Claim against Defendant Sullivan**

Defendant Sullivan argues he did not racially discriminate against Mr.
Edmundson when he asked Mr. Edmundson to make his hands visible on
December 18, 2006, but rather was enforcing prison rules.  (C.D. 37 at 9-12).  Mr.
Edmundson argues his hands were on his hips, Sullivan said nothing to "50 other
prisoners walking[,]" and intentionally singled Mr. Edmundson out.  (C.D. 41 at
5).

Racial discrimination in prisons or jails is unconstitutional, except for "the
necessities of prison security and discipline."  Cruz v. Beto, 405 U.S. 319, 321
(1972); Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004).  In prison, "even
fundamental rights are judged by a standard of reasonableness - specifically,
whether the actions of prison officials are 'reasonably related to legitimate
penological interests.'"  Id. at 974, quoting Turner v. Safely, 482 U.S. 78. 89
(1987).  Unless a prisoner can point to sufficient evidence regarding matters of
professional judgment (separate from issues of disputed fact) to allow him to
prevail on the merits, the prisoner cannot prevail on summary judgment.  Beard v.
Banks, 548 U.S. 521, 530 (2006).  With respect to matters of professional
judgment, prison authorities are entitled deference.  Id.

Summary judgment should be awarded to Defendant Sullivan.  It is

undisputed that Sullivan told Mr. Edmundson to make his hands visible because Sullivan thought Mr. Edmundson's hands were in his pants.  See Affidavit of Sullivan ¶ 4 and attached grievance form submitted by Mr. Edmundson.  Further, it is prison policy that inmates must have their hands visible at all times.  Def.'s SUF ¶ 20.  Mr. Edmundson must show Defendant Sullivan acted with the intent or purpose to discriminate against him based upon his membership in a protected class.  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Mr. Edmundson has made no showing that Defendant Sullivan acted with the purpose or intent to discriminate based upon race.  Additionally, Mr. Edmundson has pointed to no evidence regarding Sullivan's professional judgment in enforcing prison rules that would allow him to prevail on the merits.  Defendant Sullivan's Motion for Summary Judgment should be granted.

> ### E.   Retaliation and Racial Discrimination Claims against Defendant Sturchio

Mr. Edmundson has alleged both retaliation and racial discrimination claims against Defendant Sturchio.  Mr. Edmundson alleges Defendant Sturchio filed false disciplinary reports against him and placed him in administrative segregation based upon Mr. Edmundson's race and for retaliatory purposes.  See Complaint. The applicable law for retaliation and racial discrimination claims is set for above.

### 1.   October 2006 Incidents

Defendant Sturchio argues race or retaliatory motive played no role when he sent Mr. Edmundson to housing after finding him in the medical area on October 4, 2006 without authorization.  Defendant Sturchio also argues he was enforcing prison rules and had no improper motive when he removed Mr. Edmundson from the warehouse on October 11, 2006 and filed a disciplinary report on October 16, 2006, which resulted in Mr. Edmundson's removal to segregation on October 17, 2006.  (C.D. 37 at 14-16).  Edmundson argues he had a lay-in slip, presumably for the October 11, 2006 incident, and was not in unauthorized areas.  Affidavit of Edmundson ¶¶ 22-23.  He also argues Defendant Sturchio told him he was being placed in segregation because he was black.  Id. at ¶ 17.

Regarding the October 4, 2006 incident in the medical area, the undisputed facts show Mr. Edmundson was not disciplined for that incident, other than being sent back to housing.  Def.'s SUF ¶ 35.  Mr. Edmundson has provided no facts showing he was disciplined, or that race or retaliatory motive played any role in his being sent to back to housing.  See Rhodes, 408 F.3d at 567-568; Barren, 152 F.3d at 1194.  Further, Sturchio's exercise of his professional judgment is entitled to deference.  Beard, 548 U.S. at 530.

Regarding the October 11, 2006 incident in the warehouse, Mr. Edmundson

has not provided a lay-in slip as he claims.  He does not dispute a lay-in slip was required.  Def.'s SUF at ¶ 33.  Mr Edmundson does not dispute that he refused to leave the warehouse area.  Def.'s SUF ¶ 34.  Mr. Edmundson has not shown he was authorized to be in the warehouse area, and thus that the disciplinary report filed by Sturchio was false.

While Sturchio admits he made the statement "because you are black," it was taken out of context.  Supplemental Affidavit of Sturchio at ¶ 2.  It was Mr. Edmundson who initiated the racial slurs, something which he did not refute when it was previously asserted by Defendant Sturchio.  See Def.'s SUF at ¶ 29; Affidavit of Sturchio at ¶ 5.  The entire context of the statement, as laid out in Sturchio's affidavit, shows it was not the motivating reason for Mr. Edmundson's discipline and subsequent removal to  segregation.  See Supplemental Affidavit of Sturchio.  Given these facts, Mr. Edmundson has not shown race or retaliatory motive was behind Sturchio's disciplinary report, or Mr. Edmundson's removal to segregation.  See Rhodes, 408 F.3d at 567-568; Barren, 152 F.3d at 1194.

Based upon the undisputed facts above, Mr. Edmundson has not shown he was erroneously disciplined, or that race or retaliatory motive was a factor in the October 2006 incidents.  Therefore, Defendant Sturchio's Motion for Summary Judgment should be granted on these claims.

### 2.  December 2006 Incident

Here, Defendant Sturchio argues he was simply not involved with disciplining Mr. Edmundson for a December 24, 2006 fight in which Mr. Edmundson injured his cell mate.  (C.D. 37 at 14).  Mr. Edmundson claims he was found guilty of the assault by Defendant Sturchio.

The documentation provided by Defendant Sturchio shows he was not involved in the investigation of this incident.  See Def.'s SUF ¶ 39 and attached Exhibit 11.  Mr. Edmundson has not provided any information showing Sturchio's involvement in the December 24, 2006 incident, which he is required to do under Rule 56.  Therefore, no genuine issues of material fact exist, and Defendant Sturchio's Motion for Summary Judgment should be granted as to this claim.

### 3.  February 2007 Incidents

Finally, Defendant Sturchio argues he had no racial or retaliatory motive when he placed Mr. Edmundson in segregation for assaulting Inmate Aune and for moving Mr. Edmundson to segregation while investigating the assault of Mr. Edmundson's cell mate, both in February 2007.

First, in Mr. Edmundson's response, he did not dispute that he assaulted Inmate Aune.  Mr. Edmundson has not shown any evidence that his placement in segregation by Defendant Sturchio because of the assault on Inmate Aune was

motivated by race or retaliatory motive.  <u>See Rhodes</u>, 408 F.3d at 567-568; <u>Barren</u>, 152 F.3d at 1194.  Mr. Edmundson cannot rest on his allegations of improper motive, but must show there is a genuine issue of material fact for trial.  Fed. R. Civ. P 56.  He has not.  Further, disciplining Mr. Edmundson for the assault serves a legitimate penological interest.  See <u>Walker</u>, 370 F.3d at 974.  Accordingly, Defendant Sturchio's Motion for Summary Judgment should be granted on this claim.

Second, Mr. Edmundson's response does not address his removal to segregation while Sturchio investigated another assault on Mr. Edmundson's cell mate.  Sturchio contends Mr. Edmundson was removed from his cell, placed in segregation during the investigation, was cleared of all involvement and returned to his cell block the same day.  Mr. Edmundson was not disciplined for this incident.  Def.'s SUF ¶ 37.  These facts are not contested.  Again, Mr. Edmundson has not shown Defendant Sturchio actions were motivated by race or retaliatory motive.  <u>See Rhodes</u>, 408 F.3d at 567-568; <u>Barren</u>, 152 F.3d at 1194.  Nor has Mr. Edmundson shown Sturchio's actions served no legitimate penological interest. See <u>Walker</u>, 370 F.3d at 974.  Therefore, Defendant Sturchio's Motion for Summary Judgment should be granted as to this claim.

**F.     Conclusion**

Defendants' Motion for Summary Judgment should be granted.  Mr. Edmundson's claims for injunctive and declaratory relief are moot.  Further, Defendants met their burden on summary judgment and Mr. Edmundson has not shown any genuine issue of material fact exist as to any of his claims.

Therefore, based on the foregoing, the Court issues the following:

**<u>RECOMMENDATIONS</u>**

1.  Mr. Edmundson's claims for injunctive and declaratory relief should be DISMISSED AS MOOT;

2. Defendants' Motion for Summary Judgement should be GRANTED as to all remaining claims;

3.  The Clerk of Court should be directed to terminate all pending motions, close this case, and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

**<u>NOTICE OF RIGHT TO OBJECT TO FINDINGS &<br>RECOMMENDATIONS AND CONSEQUENCES<br>OF FAILURE TO OBJECT</u>**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge

will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

judge.

DATED this 1st day of September, 2009.


*/s/ Keith Strong*                                        
Keith Strong
United States Magistrate Judge